

**ENTERED**
**11/17/2011**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
IN RE                          )
                               )
GEORGE WASHINGTON BENJAMIN,    )   CASE NO. 11-34746-H3-13
                               )
        Debtor                 )
                               )
MN AUTO FINANCE COMPANY,       )
                               )
        Movant                 )
                               )
     versus                    )
                               )
GEORGE WASHINGTON BENJAMIN,    )
                               )
        Respondent             )
```

## MEMORANDUM OPINION

The court has heard the Motion For Relief From The Stay Regarding Exempt Property" (Docket No. 38) filed by MN Auto Finance Company (Movant).  After considering the motion, the Response (Docket No. 41) filed by George Washington Benjamin, Debtor, the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law, and will enter a separate Judgment wherein the automatic stay will terminate unless Debtor provides the adequate protection described herein no later than November 22, 2011.  To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby

adopted as such.  To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

## Findings of Fact

1. On June 4, 2011, Debtor filed a voluntary bankruptcy petition under Chapter 13.  Debtor listed a 2009 Jeep Patriot motor vehicle, VIN 1J4T28A19D187582, (hereinafter referred to as the "vehicle") in Schedule B, Personal Property, and claimed it as exempt.

2. Movant claims a security interest in the vehicle and estimates that Debtor has an estimated equity interest in the property in the amount of $1,576.46.  Docket No. 38.  Pursuant to the vehicle retail installment contract, Debtor is required to maintain insurance coverage on the vehicle at all times and to list Movant as a loss payee on the policy.  Movant's Exhibit Nos. 1 - 3.  Movant filed the instant motion to lift the stay on the vehicle, pursuant to 11 U.S.C. § 362, based upon the Debtor's failure to comply with above stated requirements.

3. Movant and Debtor stipulated to the facts and exhibits submitted by each party.  The court finds that Debtor has allowed insurance coverage on the vehicle to lapse three times since the filing of the bankruptcy case.  The insurance policies were cancelled due to non-payment of premiums by Debtor.  Movant was not listed as a loss payee on any of the policies.  Movant's Exhibit Nos. 4, 5, and 7.  Each time a policy was cancelled, Movant

notified Debtor through his counsel of record.  Movant's Exhibit Nos. 6, 8, and 9.

4. Debtor obtained insurance coverage on the vehicle for a six month period, beginning October 14, 2011 and ending April 14, 2012, and paid the premium owed for the first month of coverage. The remaining premiums are to be paid over the next five months. Movant is not listed as a loss payee on the current policy. Debtor's Exhibit No. 1.

5. Counsel for Debtor proffered Debtor's testimony.  The vehicle is Debtor's primary source of transportation and is necessary for an effective reorganization.  Debtor admitted that insurance coverage on the vehicle lapsed but it was because he has been working out of town.  Debtor did not understand the importance of Movant being listed as a loss payee on the policy and of making timely premium payments.  Debtor has made one payment on the current policy and by November 14, 2011 he will pay the remaining premiums due for the remainder of the six month period and have Movant listed as a loss payee.

## Conclusions of Law

1. Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> > (1) for cause, including the lack of adequate

>>protection of an interest in property of such party in interest;
>
>>(2) with respect to a stay of an act against property under subsection (a) of this section, if
>
>>>(A) the debtor does not have an equity in such property; and
>
>>>(B) such property is not necessary to an effective reorganization; ...

11 U.S.C. § 362(d).

2. When a creditor seeks relief from stay in order to foreclose on property, the creditor has the burden of establishing the Debtor's lack of equity in the property. The party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

3. Whether cause exists for lifting of the stay must be determined on a case-by-case basis, based on an examination of the totality of circumstances. *In re Trident Assoc. L.P.*, 52 F.3d 127 (6th Cir. 1995); *Claughton v. Mixson*, 33 F.3d 4 (4th Cir. 1994); *In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990).

4. The evidence reflects that Debtor has equity in the property, but that Movant's interest in the property is not adequately protected without insurance coverage on the vehicle and without Movant's being listed as a loss payee on the policy.

Based on the foregoing, the court will enter a separate Judgment lifting the automatic stay unless Debtor provides Movant with proof of insurance, prepaid for the current six month period,

and with Movant listed as a loss payee on the policy.

SIGNED at Houston, Texas on this 17th day of November, 2011.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE